Introduce yourself. Good morning, Your Honor. My name is Arthur Levenstam. I represent Kevin Pryor v. Plaintiff Advocates. Can you please support counsel? Good morning, I'm Sam Shaw. I represent the Respondents. Okay. All right. You're going to hold some time for your rebuttal. You understand that? Yes, Your Honor. Okay. Let's proceed. There's a few dates here that are important and that there's no dispute on. Let me ask you this question. I think it kind of centralizes all on this, too. Isn't it true that the defendant had time to go into court to modify this arbitration award? Yes, but they didn't. No, I understand that. And the question is what legal significance did that have on your case? I think it has no significance. Okay. Proceed and tell us why. So you're saying that that period, you did not have to wait for that period during which the court could have modified the arbitration award? Yes. And you could act preemptively and therefore entitle yourself to additional relief that you didn't request before the arbitration award? Didn't raise until then? Looking at it from the other side, does every party to an arbitration have to wait 90 days to pay? If the arbitration provision provides for a modification, what if a modification occurs during that 90 days and the award is reduced from whatever amount to a lesser amount? Nobody wants to go through the process of trying to recover money. They simply want to pay the money that they're actually obligated to pay. Absolutely. But I think the important fact here is that they did not seek to modify the award. But the time hadn't passed. When this case was filed, they could certainly have filed a counterclaim seeking that additional relief, but they didn't do that. They cut the first check on February 2nd. The next check on March 8th. They tendered it by letter on March 12th and I received it on March 16th. So whether or not they could have done something is not an issue here. So are you saying that every time an insurance company fails to pay an arbitration award promptly without giving a date, they're subject to a willful and vexatious delay claim? Where they don't raise an issue to modify the award? Yes, I do. And you think that's the rule that should apply across the board? Yes, sir. And the case that you cite in your brief doesn't really deal with something so black and white. It deals with a situation where the insurance company was still trying to reduce the award outside of the confines of the arbitration proceeding itself. Yes, there is no case that stands for the proposition that a claimant has to wait 90 days before he's entitled to the award. So that's what you're asking us to write and that's fairly very clear. That would be a bright line. I'm not asking this court to make that bright line to say that every insurer has a right to hold down to their money for 90 days. I don't think that that's what the legislature had in mind when it enacted this particular piece of legislation. What do you think was behind it? Why do you think 90 days is there? I don't know. We can ignore it. I think that, again, Your Honor, if this were a case where they filed for relief on the award, then I would agree with you. What if 90 days were a legislatively established reasonable period of time? What is reasonable has to include all of the facts and circumstances of the case. This court has said that on numerous occasions. Okay. Sorry to keep interrupting. No, Your Honor. The question is here before you whether it's unreasonable delay in settling a claim. The insurer has focused on the word claim. We're not into unreasonable delay in settling. We're under unreasonable delay in payment, aren't we here? Yes. I mean, there's quite a difference between settlement and payment, so let's stick with what the issues are here. I don't believe that there's a difference. Okay, then you tell us why. I believe that settling a claim includes payment to that claim. Otherwise, you'd have a meaningless and absurd statute. Otherwise, you'd have – But you agree that you can't settle a claim until the arbitration proceeding ends, right? Because that's what arbitration is meant for, to settle a claim. And so until you go through arbitration, there really is no settlement issue because arbitration hasn't ended. I believe that the phrase settling a claim has to include payment to that claim or it's absurd. The courts have cut out a myriad of conduct that is bad faith on the part of the insurer. To then say that once an arbitration award is rendered that the claimant's had no further remedy is an absurd result. I think the other case stands for that there is remedy, but there's remedy only in an extreme case. The case that you cite in your brief where after an award, the insurance company still tried to get the plaintiff to accept less. That is one of the facts that the Price Court considered, looking at it in the totality of the circumstances. We haven't gotten there in this case. And I hope we do so that I can put forth the facts in the totality of the circumstances. Let me ask you this. This is an issue that you presented to the circuit court and the circuit court disagreed and entered a summary disposition on both your claims. Does our review of that come into play here? Of the deference that we owe to the circuit court? Or is this entirely de novo? I believe that this is de novo. I put that in my brief. I believe it is. But the circuit court hasn't heard the facts. And your honors haven't heard the facts. And the statute says that you have to consider... Well, we're not a fact-based court. We're not looking for the facts as much as if it's a bill for review. I assume your argument is one based on law. It is. And you're telling us that the law allows this sort of claim to go forward. Yes, I am. All right. So unless you're telling us that the facts, you know, the law looks to the facts and the facts drive the decision. I don't think that the facts drive the decision here. All right. But to say that in price they were doing a lot of bad things, including horsing around with payment to the client, you don't know at this point whether the same facts exist here. You only know that the pleadings, in the pleadings it's alleged that the same kind of conduct happened here. Except what we do know, and going back to I think it was Justice Gordon's first question, and that is that 90-day period and how that 90-day period plays, what role it plays in assessing our view of what occurred below. If the insurer had filed within those 90 days, I absolutely believe it would play a role. Why can't it wait until the 89th day? They can file it any time they want. There was a suit on file, and in the confines of that suit they could have filed a counterclaim, but they didn't. And I suggest to you that the facts will explain why they didn't. We better hurry up. Sorry. In fact, maybe you want to save some time for rebuttal and do this un-rebuttal. Let's hear it from the other side. Yes, sir. Here's the court. I'm Sam Shellis. I represent United Equitable. To answer your question, the answer is no. When you look at the complaint and the fee petition that's attached to the complaint, the actual claim that Mr. Levinson makes is he wants to charge fees for obtaining a release, for faxing a release, and for sending letters to get releases of lien. Those are not what Section 155 is about. He's been up in the First District, and he lost the Niman case. In Niman, this court said that an adjudication of a claim when there is no longer an issue of liability and no longer an issue of liquidation, when it's a liquidated amount and there is no longer an issue to adjudicate, there is no longer a claim. Well, that can't be the strict rule of law because doesn't that case cited within the briefs go contrary to that, where he had an adjudication, he had an award, he had a liquidated amount, and yet a vexatious claim was allowed to go forward. First, Price preceded Niman, and Niman cited Price. So are you saying Niman overruled Price? In part, I think it did, and here's why. In Price, the allegations were that the arbitration, the insurance company refused to arbitrate when it was still a claim. They refused to pay and tried to negotiate as if it were still a claim. We know the facts. I'm just questioning whether Price can be reconciled with the rule of law you've just given us based on Niman, and I'm suggesting Price is outside that rule of law, and yet I see no reason to question the outcome in Price. I can reconcile the two cases in the following way. In Price, there was an adjudication on the merits, and when the First District used the word arbitration, award, and judgment, they used them interchangeably because they defined the word claim, as I said, as a liquidated sum where liability is not an issue. However, the allegations of the complaint in Price have nothing to do with the allegations of the complaint here. Not looking at the facts, as Your Honor said. None of those allegations are in the complaint. In this complaint, nearly 95% of it is failed to pay the award, and as you said, we talked about the dates, and the attachments to the complaint have nothing to do with horsing around with a claim or refusing to arbitrate. In fact, the allegations are the opposite. In this case, Mr. Levinson complains that we forced him to arbitrate. As Your Honor mentioned a few moments ago, the way we adjudicate U.M. claims is to arbitrate them. We didn't force him to arbitrate. We simply adjudicated the claim in the manner in which Section 143A of the Code allows. So the allegations of the complaint here are exactly the opposite of Price. There is no allegation we refused to arbitrate. There is no allegation we tried to negotiate the amount down. We paid interest for the 38 days. The fact is that this case is, of course, as you've seen, not the first one, Mr. Levinson, but it is the unanimous point of the Chancery Division. Twenty-five-plus cases he has filed. You're going outside the record, I think. Well, I put this in my briefs, but I'll go outside just to say nothing in the complaint is compared to Price. He doesn't make any of those allegations. And when you look at the alleged bad faith conduct that he attaches and seeks fees for, it has absolutely nothing to do with Price. None of the things in there did we do. Price was based on an attitude to delay settlement and then to delay payment. It was totally different. And that's my argument. Here we didn't do anything, and there isn't any allegation we did. All that happened here is we paid an award. And I want to note in Nyman, which was Mr. Levinson's case, there was a comment that there was argument during the period about the exchange of releases, the FEIN number, and a refusal by Mr. Levinson to do that. And that's part of the record. In this case, we have less than 40 days delay between the receipt of the releases and the check. And as he notes right in his claim, there was argument about the releases because he didn't want to sign them. You have 35 days delay. Thirty-five days between the time, the releases, and the check, which as a Cook County lawyer in the Circuit Court of Cook County, I don't see as any shocking or unreasonable amount of time. Let me ask you if we can summarize your argument that vexatiousness means something more than what occurred here. The word itself is defined as something outside of what could be expected in the normal course of business. Absolutely. All right. And vexatiousness is way outside of what we're talking about here, and it also involves the actual merits of the claim. In other words, the elements of the claim, the liability, price, and cost, damages, and things, were not preceded. None of those allegations were made in the complaint, and there's no motion in the underlying court to amend this complaint when he faced the dismissal. It was dismissed with prejudice for a good reason, because this conduct that he attaches has nothing to do with Section 152. I think we get your argument. Thank you, Judge. I ask you to remand and to grant the sanctions that I've asked for. Thank you very much. All right. Mr. Levenson. Thank you. First of all, with respect to the allegations in the complaint, letters I and J failed to settle this claim before or after the award of arbitrators would make a reasonable offer to settle any portion thereof, narrow any of the issues. J failed to make an offer of settlement prior to and after the commencement of this lawsuit. So those allegations are in there. Whether or not this rises to a level of vexatiousness, that's a question of fact, and I would ask Your Honors not to make that determination because you don't have all the facts. And that's the relief you're asking for. You're basically asking us to remand it to the circuit court to allow you to go forward. Exactly. All right. And Niman does not overrule Price. Niman is different from Price. The Niman court explained that. And really the difference in the two cases is the timing. In Price, the bad faith suit was filed before payment was received. In Niman, it was filed after payment was received. So you're saying it's a race to the courthouse sort of thing? No, I don't, Your Honor. Nobody looks for these kinds of lawsuits. I certainly don't want to. I want my client to be paid to get what he was promised in the policy. Let's say this hadn't gone through arbitration. Let's say you've been in negotiations with the insurance company to settle the matter first off and you get an agreement, you reach a point where there's an agreement, there's a set amount, releases are issued to you, you sign them, send them back. Do you think 35 days delay between the time that you send back that release and the time you actually receive your check is borders on vexatiousness? You have to look at the totality of the circumstances. Just look at the 35 days. With the fact that we have 35 days between the time the person gets everything they need to pay you and the time you get the check, is that unreasonable and vexatious? Under the circumstances that existed in this case, yes, it is. Is 35 days unreasonable or vexatious in all cases? No, it may not. You have to look at the totality of the circumstances. All right. Then just give us that one or two key facts that are present in this case that causes this case to cross the line. Do you want the facts? No, I only want one or two. What do you think this case should turn on if the vexatiousness claim should be viable? What would this case turn on? This case would turn on what the respondent insurance company did in regards to payment to the claim. I'll take that as your answer. All right. Thank you. Nyman is different from Price. This is a Price case. The settling of claim includes payment to that claim. If you say it isn't, that renders the statute ineffective and, frankly, meaningless. You can go to arbitration. If they don't make any offer or they make an offer that's not sufficient, you can go to arbitration. But that arbitration is meaningless if they're not going to be paying. If they cut checks and then held on to them, cut checks and made demands to get those, those are all facts that, in this case, support the vexatiousness. As Your Honor mentioned, I'm asking this court to send it back to the trial court so I can prove it. All right. Thank you. Thank you very much. It was very interesting briefs, very interesting oral arguments. We'll take the case under advisement.